MICHAEL J. GARCIA, CITY ATTORNEY
ANN MAURER, CHIEF ASSISTANT CITY ATTORNEY, SBN: 179649
EDWARD B. KANG, PRINCIPAL ASSISTANT CITY ATTORNEY, SBN: 237751
CARL B. ARIAS, PRINCIPAL ASSISTANT CITY ATTORNEY, SBN: 205068
613 E. Broadway, Suite 220
Glendale, CA  91206
Telephone: (818) 548-2080
Facsimile: (818) 547-3402
Email: ekang@glendaleca.gov; carias@glendaleca.gov

Attorneys for Defendants,
CITY OF GLENDALE, GLENDALE POLICE DEPARTMENT,
OFFICERS ABRAHAM CHUNG and TRAVIS GOODREAU

# UNITED STATES DISRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANDA RAUB, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF GLENDALE; a city corporation, GLENDALE POLICE DEPARTMENT, a public entity, as an individual, DETECTIVE TRAVIS GOODREAU, individually and in his official capacity as a detective, DETECTIVE ABRAHAM CHUNG, individually and in his official capacity as a detective, and DOES 1-10, <br><br> Defendants. | Case No.: 2:22-cv-04010-RGK-AGR <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS AND EXHIBITS IN SUPPORT THEREOF** <br><br> [Filed Concurrently with Statement of Uncontroverted Facts and Conclusions of Law; Request for Judicial Notice and [Proposed] Judgment] <br><br> Date:          April 17, 2023 <br> Time:          9:00 a.m. <br> Courtroom:   850 <br> Judge:         Honorable R. Gary Klausner |

TO PLAINTIFF AND TO HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on April 17, 2023 at 9:00 a.m. in Courtroom 850 of the above-entitled court located at 255 East Temple Street, Los Angeles, CA 90012, Defendants, CITY OF GLENDALE, GLENDALE POLICE DEPARTMENT, OFFICERS ABRAHAM CHUNG and TRAVIS GOODREAU ("Defendants") will and hereby do moves this Court, in accordance with Federal Rules of Civil Procedure, Rule 56, for an order granting judgment in its favor and against Plaintiff, SHANDA RAUB ("Plaintiff")

as to all claims for relief in the Complaint because Plaintiff cannot establish the existence of a triable issue of material fact.

Alternatively, Defendants will, and hereby do, move the Court for partial summary judgment as to each of the following issues:

1.  Plaintiff's Third, Fourth and Sixth Claims for false arrest/imprisonment are barred by the applicable statute of limitations;

2.  All of Plaintiff's claims are legally untenable as Defendants had probable cause to take the actions complained of in the Complaint;

3.  The individual defendants are entitled to qualified immunity as to all of Plaintiff's claims as their conduct complained of in this case did not violate clearly established statutory or constitutional rights of which a reasonable prudent person could have believed was lawful;

4.  Plaintiff's Second and Fifth Claims for violation of due process are without merit as a matter of law; and

5.  Defendants are immune from liability as to Plaintiff's state law claims pursuant to Cal. Government Code sections 815.2 and 821.6.

This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the admitted facts, the Statement of Uncontroverted Facts and Conclusions of Law, Declarations and Exhibits, the papers and pleadings on file in this matter, and on such further oral or written argument as the Court may consider at the hearing on this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 16, 2023, as well as a follow up discussion on February 28, 2023.

DATED:   March 16, 2023

MICHAEL J. GARCIA, CITY ATTORNEY

By: _____

EDWARD B. KANG
CARL B. ARIAS
Attorneys for Defendants

# **TABLE OF CONTENTS**

**PAGE**

I.    SUMMARY OF ARGUMENT ................................................................. 3

II.   STATEMENT OF FACTS ..................................................................... 3

III.  STANDARD FOR SUMMARY JUDGMENT .................................... 6

IV.  PLAINTIFF'S FALSE ARREST/IMPRISONMENT CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS ................................ 6

V.   PLAINTIFF'S UNREASONABLE SEARCH AND SEIZURE CLAIM IS WITHOUT MERIT AS DEFENDANTS CAN ESTABLISH PROBABLE CAUSE FOR THEIR ACTIONS ................................................................. 8

    A.    Plaintiff's Arrest was Lawful and Supported by Probable Cause .................. 9

    B.    Plaintiff's Unlawful Seizure Claim is Without Merit .................................... 11

VI.  THE INDIVIDUAL OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY ....................................................................................... 12

VII.  PLAINTIFF'S MONELL CLAIM IS WITHOUT MERIT ................. 14

VIII. PLAINTIFF'S DUE PROCESS CLAIMS ARE LEGALLY UNTENABLE ......... 16

IX.  DEFENDANTS ARE IMMUNE FROM LIABILITY AS TO PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO CAL. GOVERNMENT CODE SECTIONS 815.2 AND 821.6 .............................................................. 18

X.   REQUESTED RELIEF ...................................................................... 19

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Alameda Books, Inc. v. City of L.A.*
631 F.3d 1031, 1041 (9th Cir.2011) ................................................................ 6

*Albright v. Oliver*
510 U.S. 266, at 273 (1994) ……………………………………………………..17

*Amylou R. v. County of Riverside*
28 Cal. App. 4th 1205 (1994)……………………………………………………18

*Anderson v. Creighton*
483 U.S. 635, 640 (1987) ...................................................................... 13, 14

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242, 247-48 (1986) ........................................................................ 6

*Ashcroft v. al-Kidd*
563 U.S. 731, 131 S. Ct. 2074, 2080 (2011) .............................................. 8

*Baughman v. State of California*
38 Cal.App.4th 182 (1995) ......................................................................... 18

*Beck v. Ohio*
379 U.S. 89, 91 (1964) ................................................................................. 9

*Blackenhorn v. City of Orange*
485 F.3d 463, 484 (9th Cir. 2007) ............................................................. 15

*Board of the County Commissioners v. Brown*
520 U.S. 397, 405 (1997) ........................................................................... 15

*Brown v. City of Huntsville*
608 F.3d 724, 735 (11th Cir. 2010) ............................................................. 8

*Caldarola v. Calabrese*
298 F.3d 156, 161 (2d Cir.2002) ............................................................... 10

*Celotex v. Catrett*
477 U.S. 317, 322 (1986) ............................................................................. 6

*City of Canton v. Harris*
489 U.S. 378, 388 (1989) ........................................................................... 15

*Coltin v. Town of Londonderry*
1999 WL 813950 at 3 .................................................................................. 17

*County of Sacramento v. Lewis*
523 U.S. 833, 848 (1998) ........................................................................... 16

*Daniels v. Williams*
474 U.S. 327, 331 (1986) ........................................................................... 16

*Devenpeck v. Alford*
543 U.S. 146, 153 (2004) .................................................................. 8

*Escalera v. Lunn*
361 F.3d 737 (2d Cir.Jan.12, 2004) .................................................. 9

*Franklin v. Fox*
312 F.3d 423, 437 (9th Cir. 2002) .................................................. 12

*Freeman v. Texas Den't of Criminal Justice*
369 F.3d 854, 863 (5th Cir. 2004) .................................................. 12

*García v. City of Albuquerque*
232 F.3d 760, 769-73 (10th Cir. 2000) ........................................... 16

*Gillette v. Delmore*
979 F.2d 1342, 1349 (9th Cir. 1992) ............................................. 14

*Graham v. Connor*
490 U.S. 386 (1989) ............................................................... 8, 17

*Gramenos v. Jewel Co., Inc.*
797 F.2d 432, 439 (7th Cir. 1986) ................................................ 8, 9

*Hare v. City of Corinth*
135 F.3d 320, 326 (5th Cir. 1998) .................................................. 13

*Hargray v. City of Hallandale*
57 F.3d 1560, 1571 (11th Cir. 1995) ................................................ 8

*Harlow v. Fitzgerald*
457 U.S. 800, 818 (1982) ............................................................ 12

*Heck v. Humphrey*
512 U.S. 477, 484 (1994) ........................................................... 6, 7

*Hennigh v. City of Shawnee*
155 F.3d 1249, 1253 (10th Cir. 1998) ............................................ 16

*Hone v. Pelzer*
536 U.S. 730, 739 (2002) ............................................................ 13

*Hunter v. Bryant*
502 U.S. 224, 228 (1991) ............................................................ 14

*Jones v. Cannon*
174 F.3d 1271, 1285 (1999) .......................................................... 8

*Kelly v. Curtis*
21 F.3d 1544, 1551 (11th Cir. 1994) ................................................ 9

*Krause v. Bcennett*
887 F.2d 362, 370 (2d Cir.1989) .................................................... 11

*Lee v. City of Los Angeles*
250 F.3d 668, 681 (9th Cir. 2001) .................................................. 15

*Lowth v. Town of Cheektowaga*
  82 F.3d 563, 569 (2d Cir.1996) ............................................................... 9

*Madiwale v. Savaiko*
  117 F.3d 1321, 1324 (11th Cir. 1997) ..................................................... 14

*Malley v. Briggs*
  475 U.S. 335,346, n. 9 (1986) ........................................................... 11, 12

*McClendon v. City of Columbia*
  305 F.3d 314 (5th Cir. 2004) ................................................................. 13

*McDade v. West*
  223 F.3d 1135, 1141 (9th Cir. 2000) ..................................................... 14

*Messerschmidt v. Millender*
  132 S.Ct. 1235, 1245 (2012) ............................................................. 11, 12

*Monell v. Department of Social Services*
  436 U.S. 658 (1978) .............................................................................. 14

*Moran v. Cameron*
  362 Fed. Appx. 88, 97 (11th Cir. 2010) .................................................. 8

*Nunez v. City of Los Angeles*
  147 F.3d 867, 874, fn 10 (9th Cir. 1998) ............................................... 15

*Ohio v. Robinette*
  519 U.S. 33, 38 (1996) ............................................................................ 8

*Oliver v. United States*
  466 U.S. 170, 177 (1984) ........................................................................ 8

*Panetta v. Crowley*
  460 F.3d 388, 395 (2d Cir. 2006) .......................................................... 10

*Pearson v. Callahan*
  555 U.S. 223, 231 (2009) ........................................................... 12, 13, 14

*Portland v. Bagley*
  988 F.2d 868, 873 (9th Cir. 1993) ......................................................... 12

*Price v. Sery*
  513 F.3d 962, 973 (9th Cir. 2008) ......................................................... 15

*Saucier v. Katz*
  533 U.S. 194, 201 (2001) ........................................................... 12, 13, 14

*Singer v. Fulton County Sheriff*
  63 F.3d 110, 118-19 (2d Cir.1995) ........................................................ 10

*Spence v. Zimmerman*
  873 F.2d 256, 257 (11th Cir. 1989) ......................................................... 6

*Thomas v. Cohen*
  304 F.3d 563, 578 (6th Cir. 2002) ......................................................... 16

*United States v. Carranza*
  289 F.3d 634, 640 (9th Cir. 2002) ................................................................... 9, 10

*United States v. Hammond*
  666 F.2d 435 (9th Cir. 1982) ................................................................................. 10

*United States v. Kapperman*
  764 F.2d 786, 791 n.5 (11th Cir. 1985) ................................................................ 8

*United States v. Leon*
  468 U.S. 897, 922-923 (1984) ............................................................................... 11

*United States v. Willis*
  759 F.2d 1486, 1494 (11th Cir. 1985) ................................................................. 13

*Von Stein v. Brescher*
  904 F.2d 572, 579 (11th Cir. 1990) ................................................................... 14

*Weyant v. Okst*
  101 F.3d 845, 852 (2d Cir.1996) ...................................................................... 9, 10

**Statutes**

*Code of Civil Procedure* § 340(c) .................................................................... 6

*Government Code* § 945.3 ................................................................................. 7

*Government Code* § 815.2 ........................................................................ 3, 18, 19

*Government Code* § 821.6 ........................................................................ 3,18, 19

*Penal Code* § 459 ........................................................................................... 4, 5

**Other Authorities**

Restatement (Second) of Torts § 899 ............................................................... 6

**Rules**

Federal Rule of Civil Procedure 56(c) ............................................................ 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF ARGUMENT

Defendants City of Glendale ("City"), Glendale Police Department ("Department"), Detective Travis Goodreau ("Goodreau") and Detective Abraham Chung ("Chung") (collectively, "Defendants") hereby move for summary judgment, or alternatively partial summary judgment, as to Plaintiff's Shaunda Raub's ("Plaintiff") Complaint on the following grounds:

- Plaintiff's false arrest/imprisonment claims are barred by the applicable statute of limitations;
- All of Plaintiff's claims are legally untenable as Defendants had probable cause to take the actions complained of in the Complaint;
- The individual defendants are entitled to qualified immunity as their conduct complained of in this case did not violate clearly established statutory or constitutional rights of which a reasonable prudent person could have believed was lawful;
- Plaintiff's due process claims are without merit as a matter of law; and
- Defendants are immune from liability as to Plaintiff's state law claims pursuant to Cal. Government Code sections 815.2 and 821.6.

Accordingly, for the foregoing reasons, and as discussed more fully below, the Court can and should grant the instant motion for summary judgment, or alternatively, partial summary judgment.

## II.   STATEMENT OF FACTS

The Department is the arm of the City in charge of, among other things, investigating crimes within the City's limits. (Uncontroverted Fact ("UF") 1).

Detectives Travis Goodreau and Abraham Chung were employed by the Department at all relevant times of the instant lawsuit and were acting within their roles as police officers with the City during the incident that forms the basis of this lawsuit. Both Detective Goodreau and Chung received regular training on the topics of probable cause

1   and the processes to be followed for search and seizure. (UF 2).

2          On December 20, 2017, the Department was contacted by Edward Rivas, the

3   manager at Extra Space Storage, to report a theft. Mr. Rivas reported that as he was

4   conducting a walkthrough at the facility, he discovered a cut lock to storage unit # B-160,

5   which belonged to an individual named Cheryl Canter. (UF 3).

6          As part of the Department's investigation into the reported theft, the Department

7   contacted Ms. Canter who informed the Department that she had been contacted by Mr.

8   Rivas on December 19, 2017, after which she went to her unit and confirmed that

9   numerous items had been stolen from her storage unit. (UF 4).

10          On December 26, 2017, the Department met again with Edward Rivas who

11   reviewed camera footage with the Department. (UF 5). During this investigation, Mr.

12   Rivas explained that on December 18, 2017, at approximately 9:30 p.m., an individual

13   named Catherine Rostow used her access code to enter Extra Space Storage where she had

14   a unit. Ms. Rostow was accompanied by Plaintiff, as well as an unidentified male and a

15   young girl. (UF 6). Mr. Rivas related to me, which Goodreau then confirmed by viewing

16   the video himself, the following: Plaintiff's unidentified male companion removes bolt

17   cutters from his backpack and then cuts the lock on the unit adjacent to Plaintiff's unit,

18   which was identified as Ms. Canter's unit. Rostow and Plaintiff then took items from Ms.

19   Canter's unit and transferred them to Plaintiff's unit. (UF 7). Based on Ms. Canter's and

20   Mr. Rivas' statements to the Department, as well as the video footage, Goodreau formed

21   the opinion that there was probable cause to believe that Plaintiff was in violation of Penal

22   Code section 459 – Burglary. (UF 8).

23          Based on the evidence available to the Department at the time, Officer Goodreau

24   requested a search warrant on December 28, 2017, which was read and signed by the

25   Honorable Beverly Bourne of the Los Angeles Superior Court. (UF 9).

26          That same day, Goodreau, along with other members of the Department's

27   Burglary/Auto-Theft Detail, went to Extra Space Storage to execute the search warrant.

28   Mr. Rivas opened Units B106 and B107 which was a sub-unit of Unit B106. Ms. Canter

was also present at the scene and identified several items in Plaintiff's unit that belonged to her, including: (1) One black gym bag containing miscellaneous clothing; (2) One blue shopping bag; (3) One black tote bag; (4) One black circular bag; (5) One red jacket; (6) Two pairs of shoes; (7) One sprint bag with miscellaneous items.

Prior to the search, Ms. Canter had provided Goodreau with photographs of the recovered items which further supported his belief that such items were stolen. Pursuant to the warrant, the Department seized and photographed the stolen items and returned them to Ms. Canter. (UF 11).

Thereafter, on January 5, 2018, the Department received a call of a burglary in progress at Extra Space Storage. Specifically, the reporting party stated that a male and female were loading up a U-Haul truck with possible stolen items. Once on the scene, the Department positively identified Plaintiff and arrested her pursuant to Penal Code section 459 based on the investigation detailed above. (UF 12).

After another responding officer had placed Plaintiff under arrest, Goodreau read Plaintiff her Miranda Rights and interviewed her. Goodreau informed her of the circumstances of the Department's investigation, including that the Department had executed a search warrant and had located stolen items in her storage unit. Plaintiff denied having stolen any property.  (UF 13).

After the Department's interview of Plaintiff, the Department located additional stolen items belonging to Ms. Canter in Plaintiff's vehicle, which the Department returned to Ms. Canter. The additional discovery of stolen items in Plaintiff's possession confirmed Plaintiff's statement, that she had not stolen any items, was demonstratively false. (UF 14).

The Department has a specific policy governing cases involving search and seizure – Policy 314. (UF 15).

The charges against Plaintiff relating to this incident were dismissed by the State of California on April 26, 2021, when the State informed the Court that the victim in the incident could no longer be located. (UF 16).

## III.   <u>STANDARD FOR SUMMARY JUDGMENT</u>

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Fed.R.Civ. 56(c).) However, "(t)he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).) A genuine issue of material fact arises only if a reasonable jury could find for the non-moving party on that fact. (*Id.* at 248.) The non-movant is not given the benefit of every inference or possibility, but only of every reasonable inference. (*Spence v. Zimmerman,* 873 F.2d 256, 257 (11th Cir. 1989).) The burden is on the non-moving party to come forth with "affirmative evidence" beyond the allegations of the pleadings in support of its right to relief. (*Pappas v. City of Lebanon,* 331 F.Supp.2d 311,314 (M.D.Pa.2004).) The non-moving party must offer sufficient evidence such that a reasonable jury could return a verdict in favor of that party. (*Anderson,* 477 U.S. at 248.) Rule 56(c) mandates the entry of Summary Judgment against a party who fails to produce evidence sufficient to establish an essential element of its case, on which he will bear the burden of proof at trial. (*Celotex v. Catrett,* 477 U.S. 317, 322 (1986).)

## IV.   <u>PLAINTIFF'S THIRD, FOURTH AND SIXTH CLAIMS FOR FALSE ARREST/IMPRISONMENT ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS</u>

The statute of limitations for a Section 1983 claim "is the personal injury statute of limitations of the state in which the cause of action arose." (*Alameda Books, Inc. v. City of L.A.,* 631 F.3d 1031, 1041 (9th Cir.2011).) In California, the statute of limitations for a false arrest/imprisonment cause of action is one (1) year. (C.C.P. section 340(c).)

For false imprisonment and its subspecies false arrest, "[t]he ... cause[s] of action ... provid[ing] the closest analogy to claims of the type considered here," *Heck v. Humphrey,* 512 U.S. 477, 484 (1994), the statute of limitations begins to run when the alleged false imprisonment ends, see, *e.g.,* 4 Restatement (Second) of Torts § 899, Comment *c,* that is,

in the present context, when Plaintiff becomes held pursuant to legal process. (*Heck, supra,* at 484.) Thus, Plaintiff's alleged false imprisonment ended when she was arraigned during the criminal proceedings that arose out of the incident and not when the charges against Plaintiff were ultimately dismissed.

Additionally, the tolling provisions of Cal. Government Code § 945.3, do not save Plaintiff's claims. Section 945.3 provides:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.

> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

The charges against Plaintiff were dismissed by the State on April 26, 2021, when the State informed the Court that the victim in the incident could no longer be located. (UF 16). Assuming Section 945.3's tolling provisions are applicable here, Plaintiff had until April 26, 2022, to file the instant lawsuit. Plaintiff filed the instant lawsuit on July 18, 2022, nearly three (3) months after the statute of limitations expired on her false arrest/imprisonment claims. Accordingly, the Court can and should grant the instant motion as to those claims (Third, Fourth and Sixth) as violative of the applicable statute of limitations.

/ / /

/ / /

/ / /

## V. PLAINTIFF'S UNREASONABLE SEARCH AND SEIZURE CLAIM IS WITHOUT MERIT AS DEFENDANTS CAN ESTABLISH PROBABLE CAUSE FOR THEIR ACTIONS

The Fourth Amendment protects individuals from unreasonable searches and seizures. (U.S. Const. amend. IV.) "The [Fourth] Amendment does not protect the merely subjective expectation of privacy, but only those expectations that society is prepared to recognize as reasonable." (*Oliver v. United States*, 466 U.S. 170, 177 (1984).) The test for reasonableness under the Fourth Amendment is an objective one. (*Graham v. Connor*, 490 U.S. 386 (1989).) "Subjective intentions play no role in ordinary, probable cause Fourth Amendment analysis." (*Ohio v. Robinette*, 519 U.S. 33, 38 (1996).) The Supreme Court has "consistently eschewed bright-line rules, instead emphasizing the fact-specific nature of the reasonableness inquiry." (*Id.* at 39.)

Reasonableness under the Fourth Amendment is typically dependent upon the finding of probable cause. (*Jones v. Cannon*, 174 F.3d 1271, 1285 (1999).) Probable cause is an objective standard that is applied to the totality of the circumstances, considering the elements of the crime and the operative facts. (*Hargray v. City of Hallandale*, 57 F.3d 1560, 1571 (11th Cir. 1995); *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 735 (11th Cir. 2010).) An officer's subjective state of mind is irrelevant to the probable cause analysis. (*Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).) This is because "the Fourth Amendment regulates conduct, rather than thoughts." (*Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2080 (2011).)

When determining probable cause, courts may consider "the collective knowledge of law officers if they maintained at least a minimum level of communication during their investigation." (*United States v. Willis*, 759 F.2d 1486, 1494 (11th Cir. 1985); *United States v. Kapperman*, 764 F.2d 786, 791 n.5 (11th Cir. 1985).) Moreover, probable cause turns on what the officers know, not whether their knowledge was correct. (*Moran v. Cameron*, 362 Fed. Appx. 88, 97 (11th Cir. 2010) (officer's "understanding may have been erroneous," but that understanding was not unreasonable); *Gramenos v. Jewel Co.*,

*Inc.*, 797 F.2d 432, 439 (7th Cir. 1986) (probable cause depends on "what the police know, not whether they know the truth").) Finally, law enforcement officers are not required to seek out exculpatory information of which they are not aware. (*Kelly v. Curtis*, 21 F.3d 1544, 1551 (11th Cir. 1994).)

Here, Plaintiff asserts Fourth Amendment claims premised on: (1) her arrest; and (2) seizure of stolen property. Here, the undisputed facts demonstrate that Defendants had probable cause to both arrest Plaintiff, as well as seize what they believed to be stolen property.

### A.   Plaintiff's Arrest was Lawful and Supported by Probable Cause

To establish a claim for false arrest under 42 U.S.C. Section 1983, a plaintiff is required to show that "the defendant intentionally confined him without his consent and without justification." (*Escalera v. Lunn*, 361 F.3d 737 (2d Cir.Jan.12, 2004) (quoting, 361 F.3d 737 (2d Cir.Jan.12, 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996).)

An arrest is justified when an officer has "probable cause" to arrest. "Probable cause to arrest exists when the arresting officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" (*Id.*, quoting *Weyant*, 101 F.2d at 852; see also, e. g., *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir.1996).) When an arresting officer has probable cause to arrest the plaintiff, there can be no cause of action for false arrest. (*Id.*)

Probable cause is present when the officer has within his/her knowledge reasonably trustworthy facts and circumstances sufficient to warrant a reasonably prudent person to believe that the suspect has committed or is committing a crime. (*Beck v. Ohio*, 379 U.S. 89, 91 (1964).) Probable cause exists when, under the totality of the circumstances known to the officers, a prudent person would conclude that there was a fair probability that a suspect had committed a crime. (*United States v. Carranza*, 289 F.3d 634, 640 (9th Cir.

2002).) Probable cause may be established where the source of the police information about a suspect comes from an eyewitness. (See *United States v. Hammond*, 666 F.2d 435 (9th Cir. 1982).)

Whether probable cause existed is a question that may be resolved on a motion for summary judgment if there is no dispute of material fact regarding the pertinent events and knowledge of the officers. (See, *Weyant*, 101 F.3d at 852; *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118-19 (2d Cir.1995).) If there is no genuine issue of material fact, then a claim for false arrest will be defeated, as it is "well established that the existence of probable cause is an absolute defense to a false arrest claim and affords the arresting officer qualified immunity from litigation." (*Caldarola v. Calabrese*, 298 F.3d 156, 161 (2d Cir.2002).)

"[I]nformation gleaned from informants can be sufficient to justify the existence of probable cause." (*Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006).) "'It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." (*Id.*, (quoting *Singer v. Fulton County Sheriff*, 63 F.3d 110, 199 (2d Cir.1995).)

Here, the Department received a complaint from the manager of Extra Space Storage that a burglary had occurred. (UF 3). This information was corroborated by both the victim of the burglary and video evidence. (UF 4-8). There is no evidence to support any assertion that either the manager or the victim were unreliable or were lying. Further, a third party reported to the Department that individual(s), one of whom turned out to be Plaintiff, were loading stolen items into a U-Haul. (UF 12). The victim, Ms. Canter, also positively identified the stolen items as hers. (UF 4, 10-11, 14). Additionally, at the time of her arrest, additional stolen items were located in Plaintiff's possession, as well as social security cards and a drivers license that belonged to unknown third parties. (UF 14). Based on the information available to the Department, the Department had probable cause to believe that a burglary had in fact occurred.

Additionally, the fact that the charges were later dropped against Plaintiff because the victim no longer wished to cooperate should have no bearing on this issue. (See, *Krause v. Bcennett*, 887 F.2d 362, 370 (2d Cir.1989) ("Even if [the plaintiff] had actually gone to trial and been acquitted, that result would have no bearing on the determination of whether probable cause existed to arrest [her].").)

Accordingly, the Court should grant Defendants' motion as to Plaintiff's unreasonable search and seizure claim.

### B.   Plaintiff's Unlawful Seizure Claim is Without Merit

Plaintiff also cannot establish that a constitutional violation occurred with respect to the Department's seizure of stolen property. As established above, Defendants had probable cause to seize items they believed had been stolen from Ms. Canter's unit. Ms. Canter provided descriptions of items that were found in Plaintiff's storage unit and further verified on-site that items found in Plaintiff's unit were hers.

Furthermore, "[w]here the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" (*Messerschmidt* v. Millender, 132 S.Ct. 1235, 1245 (2012) citing *United States v. Leon,* 468 U.S. 897, 922-923 (1984).)

As the Court explained in *Leon,* "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable cause determination" because "[i]t is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." (*Id.* at 1245 citing *Leon* at 921, 104 S. Ct. 3405; see also *Malley v. Briggs,* 475 U.S. 335,346, n. 9 (1986).) The Court explained further "[i]t is a sound presumption that the magistrate is more qualified than the police officer to make a probable cause determination, and it goes without saying that where a magistrate acts mistakenly in issuing a warrant but within the range of professional competence of a magistrate, the officer who requested the warrant cannot be held liable." (*Messerschmidt*

*v. Millender,* 132 S.Ct. 1235, 1245 (2012) quoting *Malley.*)

Here, the Department submitted a request to the Honorable Beverly Bourne, who after reading and considering the request for a search warrant, issued the search warrant on December 28, 2017. (UF 9). Thus, given that a neutral judge reviewed the Department's request and determined that there was probable cause for a search of Plaintiff's storage unit, Plaintiff cannot prevail on an unlawful seizure theory.

Finally, the undisputed facts demonstrate that the Department only seized items which were verifiably stolen and thus did not exceed the scope of the search warrant. Accordingly, the Court should grant the instant motion as to the first claim.

## VI.   THE INDIVIDUAL OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY

The individual officers are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established law.'" (*Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).)

The qualified immunity analysis is "essentially legal" and is appropriate made on summary judgment even where the underlying facts are undisputed. (*Franklin v. Fox*, 312 F.3d 423, 437 (9th Cir. 2002).)

The doctrine of qualified immunity protects law enforcement officers from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable prudent person could have believed was lawful. (*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993).)

Federal courts have traditionally used a two-step test to determine whether the defendants are entitled to qualified immunity. (*Saucier v. Katz,* 533 U.S. 194, 201 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223 (2009); *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004).) First, the court must consider whether "the facts alleged show the officer's conduct violated a constitutional right." (*Id.*)

Second, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. (*Id.*) "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *internal citations omitted*). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ... 'but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" (*Id.*) "[A] state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." (*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2004).) A plaintiff must prove that the officer's actions were objectively unreasonable within that legal context. (*See* Saucier, 533 U.S. at 206; *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998).) The Supreme Court recently held that the rigid structure of *Saucier* is no longer required and that the "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." (*Pearson*, 555 U.S. at 236.)

In analyzing qualified immunity, the Court must first inquire whether the facts show that the officer's conduct violated a constitutional right taken in the light most favorable to the party asserting the injury. (*Saucier v. Katz*, 533 U.S. 194, 201 (2001).) If no constitutional right was violated, the inquiry is at an end. *Id*. Second, even if the conduct alleged is found constitutionally impermissible, officers are nonetheless shielded from civil liability if the right was not "clearly established" by law at the time of the incident. (*Id*.) The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. (*Id*. at 202.) The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. (*Id*.)

The Supreme Court's decision in *Pearson v. Callahan* 129 S. Ct. 808 (2009) does not prevent the lower courts from following the *Saucier* procedure; it simply recognizes that those courts should have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818.

Law enforcement officials are entitled to summary judgment on a 42 U.S.C. §1983 claim on the basis of qualified immunity if the material facts indicate that the officer reasonably could have believed that there was probable cause to make the arrest, search and/or seizure. (*Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (when considering whether probable cause existed for purposes of qualified immunity, the Supreme Court established an objective standard based upon the beliefs of a reasonable officer given clearly established law and the information which he possessed).) Thus, for purposes of qualified immunity, where probable cause is at issue, the standard is not probable cause in fact, but arguable probable cause. (*Madiwale v. Savaiko,* 117 F.3d 1321, 1324 (11th Cir. 1997).) "Actual probable cause is not necessary for an arrest to be objectively reasonable. Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable." (*Von Stein v. Brescher,* 904 F.2d 572, 579 (11th Cir. 1990).)

Here, as demonstrated above, the individual officers had probable cause to both arrest Plaintiff, as well as seize what they believed to be stolen property. (UF 3-14). Accordingly, the individual defendants are entitled to qualified immunity.

## VII.   PLAINTIFF'S MONELL CLAIM IS WITHOUT MERIT

A plaintiff can only establish *Monell v. Department of Social Services*, 436 U.S. 658 (1978) liability pursuant to a well-established custom or practice of a governmental entity, which cannot be proven with a single occurrence. (See *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) and *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (to establish a custom, a plaintiff must prove the existence of a practice that is so

permanent and well settled as to constitute a custom or usage).)

In addition, a plaintiff must establish that his/her constitutional rights were violated as a *direct result* of an unconstitutional policy or custom of a municipality. (*Nunez v. City of Los Angeles*, 147 F.3d 867, 874, fn 10 (9th Cir. 1998) (citations omitted).) Thus, even if a defendant municipality has a disfavored or faulty policy or custom, if that policy or custom could not have caused the plaintiff's injury, the plaintiff *cannot* prevail. (*Id*.) Along these lines, patterns or practice lawsuits are viewed skeptically and rigorous standards of culpability and causation must be applied to ensure that the municipality, through culpable misconduct, was the moving voice behind the injury alleged. (*Board of the County Commissioners v. Brown*, 520 U.S. 397, 405 (1997).)

Here, Plaintiff has no evidence of any long-standing policy or well-established custom which actually caused plaintiffs' alleged Constitutional injuries. Indeed, the City has specific policies that address probable cause and search and seizures that are legally valid and thus it is undisputed that the City's policies did not cause Plaintiff's injuries.

Nor can Plaintiff establish that the City failed to properly train its officers. A failure to train theory "may serve as a basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." (*Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008) citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).) In order to prevail on a failure to train claim, a plaintiff must demonstrate a "conscious" or "deliberate" choice on the part of a municipality. (*Blackenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).)

Specifically, plaintiffs must show that (1) they were deprived of a Constitutional right, (2) the municipality had a training policy that amounts to deliberate indifference to plaintiffs' Constitutional rights and (3) their Constitutional injury would have been avoided had the municipality properly trained those officers. (*Id;* see also *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001), quoting *City of Canton, supra*, 489 U.S. at 388-389).)

/ / /

Here, the officers aver, and Plaintiff cannot rebut, that they received training in both probable cause and search and seizure. (UF 2). The City also has a specific policy in compliance with all applicable laws governing cases involving search and seizure. (UF 15). Thus, Plaintiff cannot show that the City was indifferent to the rights of the public or failed to train its officers. Accordingly, the instant motion should be granted as to the seventh claim.

## VIII. **PLAINTIFF'S DUE PROCESS CLAIMS ARE LEGALLY UNTENABLE**

The Due Process Clause of the Fourteenth Amendment has two components: procedural due process and substantive due process. (*García v. City of Albuquerque,* 232 F.3d 760, 769-73 (10th Cir. 2000) (court rejected plaintiff's procedural and substantive due process claims).) While procedural due process ensures that citizens have procedural safeguards prior to deprivation of rights, substantive due process limits the impingement of certain fundamental rights regardless of process. (*Thomas v. Cohen* 304 F.3d 563, 578 (6th Cir. 2002).) Procedural due process ensures that a state will not deprive a person of life, liberty, or property unless fair procedures are used in making that decision, while substantive due process guarantees that a state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures used in making the decision. (*Hennigh v. City of Shawnee,* 155 F.3d 1249, 1253 (10th Cir. 1998).) Here, Plaintiff cannot demonstrate that either her procedural or substantive due process rights have been violated.

Substantive due process functions to protect individuals from particularly offensive actions on the part of government officials, even when the government employs facially neutral procedures in carrying out those actions. (*Daniels v. Williams,* 474 U.S. 327, 331 (1986).) The substantive due process guarantee does not, however, serve as a means of constitutionalizing tort law so as to "impos[e] liability whenever someone cloaked with state authority causes harm." (*County of Sacramento v. Lewis,* 523 U.S. 833, 848 (1998).)

Where there is a particular Amendment providing an explicit textual source of constitutional protection against a government behavior, it is that particular Amendment,

and not the more generalized notion of the "substantive due process", which must provide the guidance for analyzing these claims. (*Coltin v. Town of Londonderry,* 1999 WL 813950 at 3 (*citing Albright v. Oliver,* 510 U.S. 266, at 273 (1994).)

The U.S. Supreme Court has consistently held that substantive due process does not attach simply because the plaintiff asserts that they are the victim of an arbitrary action taken by the government. Rather, substantive due process attaches only if *no other* constitutional amendment provides protection against the deprivation alleged by the plaintiff. If a particular constitutional Amendment identifies the source of a constitutional right, then that amendment, rather that the vague notion of substantive due process, is the source for the deprivation.

> "It was through these provisions of the Bill of Rights that [the] framers sought to restrict the exercise of arbitrary authority by the government in particular situations. Where a particular Amendment provides an explicitly textual source of constitutional protection against a particular sort of governmental behavior, that amendment, not the more generalized notion of 'substantive due process must be the guide for analyzing these claims."
>
> *Albright v. Oliver*, 114 S.Ct. at 813 relying on Graham v. Connor.

Here, the Fourth Amendment's protections against unreasonable search and seizure are the impetus for Plaintiff's claims, not the more generalized and vague notion of substantive due process. Thus, Plaintiff's substantive due process claim fails as a matter of law.

Finally, with respect to Plaintiff's procedural due process claim, the individual defendants followed the necessary process in obtaining a search warrant. (UF 9). That, coupled with the probable cause to arrest Plaintiff as detailed above, defeats any procedural due process claim. (UF 3-14).

/ / /

/ / /

/ / /

**IX.   DEFENDANTS ARE IMMUNE FROM LIABILITY AS TO PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO CAL. GOVERNMENT CODE SECTIONS 815.2 AND 821.6**

"Except as otherwise provided by statute, a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. *Government Code* § 815.2(b). "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. *Government Code* § 821.6.

The officers' actions during the investigation are cloaked with immunity, even if they acted negligently, maliciously, or without probable cause in carrying out their duties, since the officers were acting within the scope of their employment. (*Baughman v. State of California*, 38 Cal.App.4th 182 (1995).)

The Court of Appeal considered *Government Code* §§ 815.2 and 821.6 in the case of *Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205 (1994). The *Amylou* court ruled that the government entity was immune from liability under *Government Code* §815.2 because the acts about which plaintiff complained of were committed by public employees acting within the scope of their employment during the institution and prosecution of a judicial proceeding. (*Id.* at p. 1209.)

The *Amylou* court explained that "[b]ecause investigation is 'an essential step' toward the institution of formal proceedings, it 'is also cloaked with immunity.' [Citations.]" (*Id.* at pp. 1209-1210.) Accordingly, pursuant to *Government Code* §§ 815.2 and 821.6, a public entity is immune from liability for the actions or omissions of the investigating officer if: (1) the officers were employees of the public entity; (2) plaintiff's injuries were caused by acts committed by the officers to institute or prosecute a judicial or administrative proceeding; and (3) the conduct of the officers while instituting the proceedings was within the scope of their employment. (*Id.*)

/ / /

Here, it is undisputed that the individual defendants were employees of the City at the time of the subject incident. (UF 2). It is also undisputed that the individual defendants were acting within the scope of their employment with the City. (*Id.*) Finally, the actions complained of by Plaintiff were committed in the course of the institution and prosecution of a judicial proceeding. Specifically, the individual defendants were conducting an investigation regarding the reported burglary at Extra Space Storage that ultimately ended up in a legal proceeding against Plaintiff. (UF 16) Accordingly, Defendants are immune from liability as to Plaintiff's state law claims pursuant to *Government Code* §§ 815.2 and 821.6.

## X.   **REQUESTED RELIEF**

Based on the foregoing, Defendants respectfully request the Court grant the Motion for Summary Judgment, or alternatively partial summary judgment, against Plaintiff.


DATED:  March 16, 2023          MICHAEL J. GARCIA, CITY ATTORNEY

By: _____

EDWARD B. KANG
CARL B. ARIAS
Attorneys for Defendants