UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04010-RGK-AGR | Date | April 20, 2023 |
| Title | ***Shanda Raub v. City of Glendale et al.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion for Summary Judgment or, Alternatively, Partial Summary Judgment [DE 26]**

## I. INTRODUCTION

On June 10, 2022, Shanda Raub ("Plaintiff") filed a Complaint against: (1) the City of Glendale ("City"); (2) the Glendale Police Department ("Department"); (3) detective Travis Goodreau ("Goodreau"); and (4) detective Abraham Chung ("Chung") (collectively, "Defendants"). The Complaint alleges various civil rights violations as well as a state law claim for unlawful arrest,[1] and is based on, *inter alia*, the warrantless search and arrest of Plaintiff on January 5, 2018, as well as seizure of property that Defendants believed Plaintiff had stolen.

On March 16, 2023, Defendants filed the instant Motion for Summary Judgment, which Plaintiff has not opposed.[2] (ECF No. 26.) For the following reasons, the Court **GRANTS** the Motion.

## II. FACTUAL BACKGROUND

Because Plaintiff has not opposed the Motion, the following facts are undisputed:

[1] Plaintiff's Complaint is muddied, but it appears to the Court that Plaintiff brings her unlawful arrest claim under California state law because Plaintiff's unlawful arrest allegations state that Goodreau and Chung's conduct was a "substantial factor in causing Plaintiff's harm." (Compl. ¶ 80, ECF No. 1.) California courts use the substantial factor test for claims arising under tort law. *See Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 968–69 (1997) ("California has definitively adopted the substantial factor test of the Restatement Second of Torts for cause-in-fact determinations.").

[2] On March 28, 2023, Plaintiff filed an *ex parte* application, requesting, among other things, that because of Defendants' alleged violation of the discovery cut-off, the Court deny the instant Motion and reopen the motion cut-off so that Plaintiff could file her own motion for summary judgment. (*See* Pl.'s *Ex Parte* Appl. at ii, 6, ECF No. 29.) On March 31, 2023, the Court denied Plaintiff's application. (*See* Order Re: Pl.'s *Ex Parte* Appl., ECF No. 32.) On April 6, 2023, the Court granted Defendant's *ex parte* application to strike Plaintiff's untimely opposition to the instant Motion. (*See* Order Re: Defs.' *Ex Parte* Appl., ECF No. 37.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04010-RGK-AGR | Date | April 20, 2023 |
| Title | ***Shanda Raub v. City of Glendale et al.*** | | |

On December 20, 2017, the manager at a self-storage facility (the "Facility") reported a theft after noticing that a storage unit's lock had been cut. (Defs.' Mot. Summ. J., Goodreau Decl. ¶ 2, ECF No. 26-2.) Department officers began investigating the incident and contacted the storage unit's owner, Cheryl Canter ("Canter"), who indicated that she knew of the theft and confirmed items had been stolen. (*Id.* ¶ 3.)

On December 26, 2017, Goodreau reviewed security footage with the manager regarding the theft and confirmed the following occurred on December 18, 2017: (1) Plaintiff entered the Facility with another female, a male, and a young girl; (2) the male cut the lock from Canter's unit; and (3) Plaintiff and the other individuals transferred certain items from Canter's unit to Plaintiff's adjacent unit. (*Id.* ¶ 4.) Based on the security footage as well as the manager's and Canter's statements, Goodreau believed that there was probable cause that Plaintiff had committed a burglary. (*Id.*)

Pursuant to his investigation and the related evidence, Goodreau requested a search warrant on December 28, 2017, which issued that same day. (*Id.* ¶ 5; Defs.' Mot. Summ. J., Ex. 1, ECF No. 26-4.) Pursuant to the search warrant's date of service, Goodreau and other Department officers executed the warrant on December 28, searched Plaintiff's storage unit, and found many items that Canter identified as hers. (Defs.' Mot. Summ. J., Goodreau Decl. ¶¶ 5–6; Defs.' Mot. Summ. J., Ex. 1 (listing recovered items and identifying date of recovery as December 28, 2017).) Additionally, prior to the search, Canter provided Goodreau with photographs of the missing items, which matched the recovered items. (Defs.' Mot. Summ. J., Goodreau Decl. ¶ 6.) Goodreau and the other Department officers then seized, photographed, and returned the stolen items to Canter. (*Id.* ¶ 7.)

On January 5, 2018, after receiving a report of a burglary in progress at the Facility, Chung and other Department officers arrived at the scene, identified Plaintiff, and arrested her for burglary based on the December investigation. (*Id.* ¶ 7; Defs.' Mot. Summ. J., Chung Decl. ¶ 2, ECF No. 26-1.) Chung searched Plaintiff's truck and found a handbag that Canter confirmed was hers, as well as social security cards and state-issued identification cards belonging to unknown third parties. (Defs.' Mot. Summ. J., Chung Decl. ¶¶ 3–4.) Chung photographed the stolen handbag before returning it to Canter. (*Id.* ¶ 4.)[3]

## III. <u>JUDICIAL STANDARD</u>

Under Federal Rule of Civil Procedure ("Rule") 56(a), a court may grant summary judgment only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On issues where the moving party does not have the burden of

[3] In addition to the evidence attached to the Motion, Defendants request that the Court take judicial notice of Plaintiff's criminal docket related to the events at issue. (Defs.' Req. for Judicial Notice, ECF No. 27.) Because the Court does not rely on the requested evidence to rule on the Motion, Defendants' request is **DENIED as moot**.

proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Upon such a showing, the Court may grant summary judgment on all or part of the claim. Fed. R. Civ. P. 56(a).

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *Celotex*, 477 U.S. at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

While a Court may not grant a summary judgment motion merely because it is unopposed, summary judgment is warranted on an unopposed motion if the moving party meets the threshold "burden of demonstrating the absence of triable issues." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

## IV. DISCUSSION

Plaintiff alleges seven claims, six of which are brought under 42 U.S.C. § 1983 ("Section 1983"): (1) unreasonable search and seizure: (2) substantive due process violations; (3) unlawful detention; (4) false imprisonment; (5) procedural due process violations; and (6) municipal liability for failure to train. Plaintiff's remaining claim for unlawful arrest is seemingly brought under California state law.

Five of Plaintiff's claims—unreasonable search and seizure, unlawful detention, false imprisonment, unlawful arrest, and procedural due process (collectively, the "Search and Seizure Claims")—depend on resolution of a single issue: whether Goodreau, Chung, and the other Department officers had probable cause for the searches and seizures underlying this case. *See United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010) ("[P]olice may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime."); *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on [a] § 1983 claim for *false arrest and imprisonment*, [a plaintiff] would have to demonstrate that there was no probable cause to arrest him.") (emphasis added); *People v. Celis*, 33 Cal. 4th 667, 673 (2004) (stating that California unlawful arrest claims require a showing of no probable cause). Accordingly, the Court analyzes the probable cause issue first, then proceeds to Plaintiff's substantive due process and *Monell* claims.

### A. Search and Seizure Claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04010-RGK-AGR | Date | April 20, 2023 |
|---|---|---|---|
| Title | ***Shanda Raub v. City of Glendale et al.*** | | |

Defendants argue that the Court should enter judgment in their favor on the Search and Seizure Claims because, *inter alia*, it is undisputed that Goodreau, Chung, and the other Department officers had probable cause for their actions. The Court agrees.

Whether a search or seizure is at issue, the relevant inquiry under the Fourth Amendment is one of reasonableness—"[t]he Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *See Florida v. Jimeno*, 500 U.S. 248, 250 (1991) (citations omitted). Searches and seizures pursuant to a warrant issued by a neutral magistrate carry a strong presumption of reasonableness. *See United States v. Leon*, 468 U.S. 897, 913–14 (1984). Warrantless searches and seizures may also be reasonable, so long as they are based on probable cause. *See Illinois v. Rodriguez*, 497 U.S. 177, 184–85 (1990); *see also United States v. Lopez*, 482 F.3d 1067, 1072–73 (9th Cir. 2007) ("Under the Fourth Amendment, a warrantless arrest requires probable cause."). Probable cause exists when "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *Lopez*, 482 F.3d at 1072 (citation omitted). Probable cause is not a high bar. *See Kaley v. United States*, 571 U.S. 320, 338 (2014); *see also Celis*, 33 Cal. 4th at 673 (noting that California's definition of probable cause applies the same standard).

Here, the undisputed facts demonstrate that on both occasions, the searches and seizures underlying this case were reasonable. On December 28, 2017, the Department officers were acting pursuant to a warrant when they searched Plaintiff's storage unit and seized the stolen property therein. As part of his request for the warrant, Goodreau detailed in his affidavit how he observed (via security footage) Plaintiff transfer property from Canter's unit to Plaintiff's unit after her male companion cut the lock to Canter's unit. Therefore, there is no dispute of fact that the December search and seizure was reasonable and, by extension, did not violate Plaintiff's Fourth Amendment rights.

Turning to the warrantless search and seizures on January 5, 2018, the undisputed facts establish that the Department officers had probable cause. First, the Department officers received a call earlier that day regarding a burglary in progress at the Facility. Like the December burglary, this incident involved both a male and female. Second, the responding officers identified Plaintiff upon arriving at the scene. Third, when Department officers searched Plaintiff's storage unit on December 28, they found Canter's stolen property in Plaintiff's unit, as confirmed by Canter and the photographs that she provided to the officers prior to the search. Taken together, this information was more than sufficient to lead a prudent person to believe that Plaintiff was committing a crime on January 5. Therefore, there is no dispute of fact that there was probable cause to arrest Plaintiff and search her truck on January 5, 2018. Additionally, there is no dispute of fact that there was probable cause to seize the stolen property therein, because Chung found a handbag that Canter confirmed was hers, as well as social security cards and other state-issued identification cards belonging to unknown third parties in Plaintiff's truck.

Consequently, Plaintiff's Fourth Amendment rights were not violated, thereby defeating her claims for unreasonable search and seizure, unlawful detention, and false imprisonment. Plaintiff's state-law claim for unlawful arrest fails for the same reason.

As to Plaintiff's procedural due process claim, because there was no violation of Plaintiff's Fourth Amendment rights, there was no violation of Plaintiff's rights to procedural due process, which were allegedly violated when the Department officers arrested her and returned the stolen property to Canter. *See Sanders v. City of San Diego*, 93 F.3d 1423, 1429 (9th Cir. 1996) ("[W]hen seizing property for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process as well.").

In sum, the December 28 search warrant and the undisputed existence of probable cause on January 5 are fatal to the Search and Seizure Claims, and Defendants are entitled to summary judgment on them.

**B. Substantive Due Process**

Defendants also argue that the Court should enter judgment in their favor on Plaintiff's substantive due process claim because her claim fails as a matter of law. The Court agrees.

Substantive due process claims under the Fourteenth Amendment typically protect rights "relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994) (citation omitted). Such claims are not to be used as a catch-all: "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.*, 510 U.S. at 274 (internal quotation marks omitted) (citation omitted).

Here, the rights Plaintiff seeks to vindicate—the right to freedom from unlawful searches and seizures—is unequivocally a Fourth Amendment claim, not a claim for violation of substantive due process. *See Virginia v. Moore*, 553 U.S. 164, 168 (2008) ("The Fourth Amendment protects against unreasonable searches and seizures."). Therefore, Plaintiff has no viable substantive due process claim, and Defendants are entitled to summary judgment on this claim as well.

**C. *Monell* Claim**

Plaintiff alleges that the City and Department are directly liable to her because their inadequate training of Chung and Goodreau and their unlawful policies and practices led to the violations of Plaintiff's constitutional rights. Under Section 1983, a government entity can be held directly liable if its own act or omission caused the plaintiff's harm. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 463 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04010-RGK-AGR | Date | April 20, 2023 |
| Title | ***Shanda Raub v. City of Glendale et al.*** | | |

658, 690 (1978). However, government entities "are only liable under Section 1983 if there is, at minimum, an underlying constitutional tort." *Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007) (citing *Monell*, 436 U.S. at 691). Here, as discussed above, there is no genuine dispute of fact: Plaintiff's constitutional rights were not violated. Therefore, Plaintiff's *Monell* claim fails as well.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment in its entirety.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer JRE/ak